The opinion of the Court was delivered by
 

 Tayeor, Chief-Justice:
 

 To prove the acquittal of the Plaintiff from the charge exhibited against him, the judgment of the justice was produced, and proved by calling witnesses acquainted with his hand-writing. It is supposed, that by the admission of such evidence, the rule of law is infringed, which requires the best evidence to be given of which the nature of the thing is
 
 capable;
 
 and that the justice himself, who was within the reach of the Court’s process, could better prove his own hand-writing than any other
 
 *191
 
 person. But this is an incorrect view of the subject: for although the best evidence is to be given which the nature of the case admits, yet the rule does not require the strongest possible assurance of a fact. A deed attested by several witnesses would be more fully proved by calling upon all of them: yet it is sufficient to prove the execution by one ; or, if none of them can be produced, proof of the signature of one of them will be sufficient. Such proof is not inferior jin its
 
 kind
 
 to any that can be produced. Nor will the withholdingof additional proof of the same kind warrant the inference, that such proof would be inconsistent with that already produced. Whether a signature is proved by the person who made it, or by one acquainted with his hand-writing, the kind of proof is exactly the same. They are both primary— since the knowledge of both is acquired by the same meansalthough it may be, that the evidence of the writer, is in
 
 degree,
 
 stronger than the other. This principle is fully illustrated in
 
 Gilbert’s Law of Evidence,
 

 *
 

 and in
 
 Phillips’s
 
 Treatise;
 
 †
 
 and its application to this ease, shews that the evidence was regularly admitted.— Consequently, the non-suit must'be set aside, and judg • ment entered for the Plaintiff.
 

 *
 

 5.
 

 †
 

 170.